IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT EARL LEE, | : | PRISONER CIVIL RIGHTS |
| a.k.a. Richard F. Spinks, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C. LECROY, Ga. State Patrol | : | CIVIL ACTION NO. |
| Officer, ID #744, et al., | : | 1:12-CV-3041-TWT-JFK |
| Defendants. | : | |

**MAGISTRATE JUDGE'S SUPPLEMENTAL
NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, confined in Muscogee County Prison in Columbus, Georgia, has submitted a *pro se* civil rights complaint. The undersigned previously submitted a Non-Final Report and Recommendation that recommended allowing the action to proceed in part and dismissing Plaintiff's medical-care and deprivation-of-property claims. The matter is now before the undersigned on submission of Plaintiff's motions for leave to amend his medical-care and deprivation-of-property claims. (Docs. 13, 14). Plaintiff's motions to amend shall be granted.[1] See Fed. R. Civ. P. 15(a)(2). Plaintiff's

---

[1] Prior to filing his motions to amend, Plaintiff filed a first amended medical-care claim and a first amended deprivation-of-property claim. (Docs. 11, 12.) Plaintiff's motions to amend shall be granted because Plaintiff had the right to amend once as a matter of course and his amended claims in his motions to amend are largely similar to his first amended claims. See Fed. R. Civ. P. 15(a)(1).

amended claims as set forth in his motions to amend, (Docs. 13, 14), replace and supersede his original and first amended medical-care and deprivation-of-property claims and are before the Court for screening under 28 U.S.C. § 1915A. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (stating that under federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").

I.   **28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

3

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

    **A.   Medical Care**

Plaintiff brings his medical-care claims, as amended, against Officer C. LeCroy; State Patrol Supervisor for "Div. 48-C"; Fulton County Sheriff Theodore Jackson; the Chief Jailer at the Fulton County Jail, the third-shift Supervisor at the Fulton County

Jail, and the Fulton County Jail Medical Staff (including the treating nurses and doctors).[2]  (Doc. 13 at 2-4).  Plaintiff alleges the following.

LeCroy and another officer used excessive force against Plaintiff while arresting him, causing Plaintiff severe personal injuries and a concussion. (Id. at 5).  When the paramedics arrived on the scene, Plaintiff was "unresponsive and bleeding from his face, head, shoulder, and leg[,]" and Plaintiff was "barely conscious during intake" at the jail.[3]  (Doc. 1, Attach. at 3; Doc. 12 at 5).  The "Defendants had personal knowledge of [Plaintiff's] head trauma and other injuries."  (Doc, 13 at 7).  Plaintiff requested medical care from the patrol officers, the paramedics who arrived at the scene, a jail intake official, and nurses and a doctor (apparently at the Fulton County Jail), but those persons denied Plaintiff medical treatment at the scene of the injury and/or at the Fulton County Jail, and Plaintiff was instead taken to isolation upon his arrival at the jail.  (Id.).  Plaintiff remained in an isolation cell for approximately one week, where he experienced confusion, memory problems, blurred vision, severe

---

[2] Plaintiff previously identified the medical defendants as the Fulton County Jail Medical Group (Names Unknown).  (Doc. 1).

[3] Although Plaintiff's amended complaint, (Doc. 13), replaces his prior pleadings, in light of Plaintiff's *pro se* status, the Court in its discretion considers the objectively observable injuries alleged by Plaintiff in his prior pleadings.

headaches, occasional loss of consciousness, vomiting, and bleeding from facial lacerations. (Id.). After a month, Plaintiff was taken to medical, but he received only Ibuprofen and was not examined by a neurologist. (Id. at 8). After several months, Plaintiff's "severe head pressure" had worsened, and the jail physician ordered that Plaintiff be taken to an "out-source specialist for diagnosis[.]" (Id. at 9). The Sheriff and Chief Jailer failed to comply with the jail physician's orders. Subsequently, however, Plaintiff saw a Fulton County Psychiatrist, who diagnosed Plaintiff with post-traumatic stress disorder. (Id. at 9). "[U]nfortunately, the [post-traumatic stress disorder was] not treated by jail medical staff." (Id. at 10). Plaintiff continues to experience anxiety, lack of concentration, distress, lethargy, and cognitive problems. (Id. at 10). Plaintiff seeks damages and injunctive relief. (Id. at 12-13).

Plaintiff seeks to hold (1) the State Patrol Supervisor liable for his lack of supervision, (2) Sheriff Jackson liable based on his general supervision and role as policy maker for the Fulton County Jail, and (3) the Chief Jailer liable for his control of the jail and failure to comply with policy. (Id. at 2-3). Plaintiff also seeks to hold the Sheriff, the Chief Jailer, and the third-shift Supervisor liable based on an allegedly widely tolerated failure to treat medical emergencies appropriately. (Id. at 6).

6

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. Bingham v. Thomas, 654 F.3d 1171, 1175 (2011) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, a plaintiff must show (1) an objectively serious medical need and (2) the defendant/official's subjective awareness of a risk of serious harm based on that need and his disregard of that risk with conduct that is more than grossly negligent. Id. at 1176 (holding that plaintiff must demonstrate that official's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" (internal quotation marks omitted) (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)); see also Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010) (stating, "a claim of deliberate indifference requires proof of more than gross negligence"). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Bingham, 654 F.3d at 1176 (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

7

Imputed knowledge cannot serve as the basis for a claim of deliberate indifference – "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). Thus, a supervisor is liable for the actions of his subordinates under § 1983 only "if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." AFL-CIO v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011). A causal connection is shown if (1) the supervisor is on notice of historical widespread abuse and has not taken corrective action, (2) the supervisor has a custom or policy that resulted in the alleged violation, or (3) "facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

For the purpose of preliminary review, the Court finds that Plaintiff has alleged sufficient facts – bleeding from face and head injuries, unresponsiveness, and being barely conscious – to show a serious injury that was objectively observable by LeCroy at the scene of the arrest and the treating nurses and doctor on the medical staff at the

jail at or around the time of Plaintiff's intake. Plaintiff's allegations that he requested medical care from LeCroy and the nurses and doctor at the jail and was denied his requests is sufficient to state a claim of deliberate indifference against LeCroy and the Fulton County Jail Medical Group (names unknown).

Plaintiff, however, fails to state a claim of deliberate indifference against the State Patrol Supervisor, Sheriff Jackson, the Chief Jailer, or the third-shift Supervisor. Plaintiff's broad and general assertion that "Defendants had personal knowledge of his head trauma and other injuries[,]" without more, is insufficient to show that the above supervisory Defendants had personal knowledge regarding Plaintiff's condition. Further, the alleged failure to comply with the doctor's order that Plaintiff be taken to an out-source specialist for diagnosis does not show deliberate indifference when there is no indication that the doctor's order required a particular type of specialist and when Plaintiff was in fact seen and diagnosed by a psychiatrist. That the specialist was associated with Fulton County and was not out-sourced is insufficient to show deliberate indifference. Neither does Plaintiff show deliberate indifference to his post-traumatic-stress disorder as he does not indicate that any named Defendant was aware of and deliberately indifferent to a particular prescription or treatment plan for that disorder.

9

Not only does Plaintiff fail to adequately allege personal knowledge by the supervisory Defendants, his conclusory and unexplained assertions of a lack of supervision and widely tolerated failures regarding medical emergencies do not support a finding of supervisory liability.

### B. Deprivation of Property

Plaintiff brings the deprivation-of-property claim, as amended, against LeCroy, the State Patrol Supervisor, and the owner and chief operating officer of an unknown towing company. (Doc. 14 at 2-3). Plaintiff alleges that officers authorized the unknown towing company to tow and store Plaintiff's vehicle and failed to provide Plaintiff with a receipt. (Id. at 3). Plaintiff contends that without a receipt, he could not contact the towing company, and the towing company deemed his vehicle (and contents) abandoned and sold or disposed of them without notice to Plaintiff. (Id. at 4-7). Plaintiff asserts that his property was negligently lost/taken without due process. (Id. at 8).

"The Due Process Clause requires, at a minimum, 'notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government.'" Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1316 (11th Cir. 2011) (quoting Grayden v. Rhodes, 345 F.3d

1225, 1232 (11th Cir. 2003)). The negligent or intentional, unauthorized deprivation of property, however, does not state a procedural due process claim when an adequate state remedy exists to redress the deprivation. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Nat'l Ass'n of Bds. of Pharmacy, 633 F.3d at 1317; Morefield v. Smith, 404 F. App'x 443, 445 (11th Cir. 2010) (holding that the plaintiff failed to show a procedural due process violation when Georgia provided adequate post-deprivation remedies under O.C.G.A. § 51-10-1); Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (holding that § 51-10-1 provides "an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law").

Plaintiff fails to state a federal constitutional claim against LeCroy, the State Patrol Supervisor, or the owner and chief operating officer of an unknown towing company (even if such person could be considered a state actor under § 1983) because Plaintiff has adequate post-deprivation remedies regarding the alleged negligent loss of his property.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motions for leave to amend his medical-care and deprivation-of-property claims, (Docs. 13, 14), are **GRANTED**.

11

On consideration of Plaintiff's amended medical-care and deprivation-of-property claims, the undersigned hereby **WITHDRAWS** the prior recommendation that Plaintiff's medical-care claims, Plaintiff's deprivation-of-property claims, and the Fulton County Jail Medical Group be dismissed.  (Doc. 9 at 12).

**IT IS RECOMMENDED** (1) that Plaintiff's deprivation-of-property claims, as amended, (Doc. 14), be **DISMISSED** and (2) that the newly named Defendant – the owner and chief operating officer of an unknown towing company – be **DISMISSED**.[4]

**IT IS RECOMMENDED** (1) that Plaintiff's medical-care claims, as amended, against Officer C. LeCroy and the Fulton County Jail Medical Group (Names Unknown) be **ALLOWED TO PROCEED** as any other civil action; (2) that Plaintiff's medical-care claims against all other Defendants otherwise be **DISMISSED** without prejudice for failure to state a claim, and (3) that the newly named Defendants – the Chief Jailer of the Fulton County Jail and the third-shift Supervisor at the Fulton County Jail – be **DISMISSED**.[5]

---

[4]Because the claims against the newly named Defendant – the owner and chief operating officer of an unknown towing company – are subject to dismissal, the undersigned does not direct the Clerk of Court to add the new Defendant to the docket.

[5]Because the newly named Defendants – the Chief Jailer and the third-shift Supervisor – are subject to dismissal, the undersigned does not direct the Clerk of Court to add the new Defendants to the docket.

**IT IS FURTHER RECOMMENDED**, upon the adoption of this Report and Recommendation, that this action be returned to the undersigned for further proceedings.

**IT IS SO RECOMMENDED**, this 10th day of May, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)