IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT EARL LEE, | : | PRISONER CIVIL RIGHTS |
| a.k.a. Richard F. Spinks, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| C. LECROY, Ga. State Patrol | : | CIVIL ACTION NO. |
| Officer, ID #744, et al., | : | 1:12-CV-3041-TWT-JFK |
|     Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND NON-FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Plaintiff's motions for an extension of time to retain discovery materials, (Doc. 32), motion for discovery, (Doc. 33), motion in response, (Doc. 34), and motion for an extension of time, (Doc. 34); Plaintiff's second motion for discovery, (Doc. 37), and Defendant's response, (Doc. 38), and notice, (Doc. 39); and Plaintiff's motion/response to the Court's Order to show cause why the unserved Defendants should not be dismissed, (Doc. 40).

**I.   Discussion**

    **A.   Motions for an Extension of Time in Which to Retain Discovery and Motions for Discovery**

Plaintiff's motion for an extension of time in which to retain discovery – in which Plaintiff generally seeks discovery – must be dismissed without prejudice.

Plaintiff served the motion only on counsel for the Georgia Institute of Technology (Georgia Tech) (which is not a party in this action) and failed to serve the motion on the Fulton County Jail Medical Group, also known as Corizon, (see Docs. 28, 29), the only served party in this action who would be subject to discovery (Doc. 32).

Plaintiff also has filed two motions for discovery. (Docs. 33, 37). Those motions, construed as a request for a discovery period, shall be granted as ordered further below.[1] In light of his three discovery motions, Plaintiff is **CAUTIONED** against filing repetitive motions. Further, Plaintiff is **ADVISED** that a discovery request should not be filed as a motion that requests Court action. Discovery requests should be served on the opposing party from whom discovery is sought. See Fed. R. Civ. P. 34. Under the Court's Local Rules, discovery requests "and answers and responses thereto shall be served upon other counsel or parties, but they shall not be routinely filed with the court. The party responsible for service of the discovery material shall, however, file a certificate with the clerk indicating the date of service." LR 5.4 A. and 26.3 A., NDGa.

---

[1] Defendant Fulton County Jail Medical Group, also known as Corizon, though objecting to Plaintiff's motion for discovery as improperly brought, voluntarily has responded to Plaintiff's discovery requests. As some discovery has already occurred, the Court shall grant a discovery period limited to three months.

### B.  **Motion for an Extension of Time and Response to the Court's Order**[2]

#### 1.  **Background**

Plaintiff filed this action on August 30, 2012, and complained regarding events that occurred on August 31, 2010. (Doc. 1). In June 2013, after conducting preliminary review on Plaintiff's complaint, as amended in March 2013, the Court allowed this action to proceed against Officer C. LeCroy, an unidentified Georgia Tech University Police Officer,[3] an unidentified Georgia Tech University Police Supervisor, an unidentified Georgia State Patrol Supervisor, unidentified Senior policy makers for Org/Unit 48-C, and the Fulton County Jail Medical Group. (Doc. 18).

On June 17, 2013, the Court issued an Order on service of process. (Doc. 19). On July 3, 2013, Plaintiff completed and returned USM 285 forms and summonses for service on LeCroy, the Georgia Tech Police Officer, the Georgia Tech Police Supervisor, the Georgia State Patrol Supervisor, and the Fulton County Jail Medical

---

[2] In his motion for an extension of time, Plaintiff included a motion in response to Defendant's motion to dismiss. (Doc. 34). The Court has denied as moot the motion to dismiss, (Doc. 36), and Plaintiff's motion in response shall be denied as moot.

[3] Plaintiff stated only that the officer assisted LeCroy in Plaintiff's arrest and did not name the officer. (Doc. 1, Statement of Claim at 2).

AO 72A
(Rev.8/82)

Group.[4]  (Docket Entry dated 07/03/2013; Docs. 20-23).  The Waiver of Service forms were mailed to Defendants by an officer of the Court and were due by August 12, 2013.  (Id.).  The Fulton County Jail Medical Group, or Corizon, waived service of process.  (See Docs. 28, 29).  Notice has been provided that Officer LeCroy passed away on December 27, 2010.[5]  (Doc. 26).  Plaintiff did not return any material for service of the Senior policy makers for Org/Unit 48-C, and service of process has not been completed on the Senior policy makers for Org/Unit 48-C.  Service of process also has not been completed on the Georgia Tech Police Officer, the Georgia Tech Police Supervisor, or the Georgia State Patrol Supervisor.[6]  Georgia Tech, through the

---

[4]Plaintiff provided no personally identifying information for the unnamed Defendants.  (See Docs. 20-23).

[5]Officer LeCroy should be dismissed based on his death in 2010, and he is not further addressed.

[6]The waiver of service was returned as undeliverable for the Georgia Tech Police Officer and the Georgia Tech Police Supervisor.  (Doc. 24).  A USM 285 for those two Defendants was forwarded to the United States Marshals Service for personal service of process, which has not been accomplished to date.  (See Doc. 25).  The Clerk of Court has informed the Court (1) that the waiver of service for the Georgia State Patrol Supervisor also was returned as undeliverable and included notice on LeCroy's death, (Doc. 27), and (2) that based on the notice of death personal service was not attempted for the Georgia State Patrol Supervisor.  It is apparent that any additional attempts at personal service on the unnamed Defendants by the Marshals Service would have been unfruitful based on the service material provided by Plaintiff, which lacked any personally identifying information for the unnamed

4

Attorney General of the State of Georgia, states that it received a summons (without a request for waiver) to Georgia Tech University Police Department via the mail.[7] (See Doc. 30, Br. at 2).

On September 21, 2013, Plaintiff sought an extension of the time for service.[8] (Doc. 34). The Court issued an Order to show cause why the unnamed Defendants should not be dismissed for lack of service. (Doc. 36). Plaintiff has responded. (Doc. 40).

### 2. Plaintiff's Motion for an Extension of Time and Response to the Court's Order to Show Cause Why the Unserved Defendants Should not be Dismissed

In his motion for an extension of time (signed on September 21, 2013, and mailed on October 31, 2013), Plaintiff seeks additional time in which to identify and serve the Georgia Tech Police Officer, the Georgia Tech Police Supervisor, the Georgia State Patrol Supervisor, and the Senior policy makers for Org/Unit 48-C.

---

Defendants.

[7] It appears that they received the summons at least by August 22, 2013. (Doc. 30, Br. at 7).

[8] Plaintiff's motion for an extension of time is construed in light of his motions for discovery, in which Plaintiff indicates that he seeks, among other things, discovery of the unnamed Defendants' identities. (Doc. 33 at 2; Doc. 34 at 2, Doc. 37 at 1).

5

(Doc. 34 at 1-2, 8 and envelope). In response to the Court's Order to show cause why the unserved Defendants should not be dismissed, Plaintiff states (1) that he has good cause for the lack of service, i.e., since November 2010 he has unsuccessfully requested information through the Georgia Open Records Act and from, among other entities, the Georgia State Patrol Department and the Georgia Tech Police Department and that his ability to identify the unnamed Defendants is limited because of his incarceration and (2) that he seeks to use discovery to identify the unserved Defendants. (Doc. 40 at 2-4).

### 3.     Analysis and Recommendation

Rule 4(m) dictates:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). For a prisoner litigant, who must await a court decision allowing his case to proceed and who must rely on court officials to issue and serve process, the 120-day period generally begins when the court "authorizes the issuance of the summons and service of the complaint." Goni v. Halloran, No. 07-21759-CIV, 2008

WL 5111262, at *1 (S.D. Fla. Dec. 3, 2008) (citing Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 458-59 (3rd Cir. 1996)); see also Richardson v. Johnson, 598 F.3d 734, 738-39 (11th Cir. 2010) (addressing the question of timely service and considering a prisoner's reliance on court officers to issue and serve process).

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)).  It is the plaintiff's burden to show good cause. Fed. R. Civ. P. 4(m); Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013).  Absent good cause, the district court has discretion to extend the time for service of process upon consideration of factors such as whether a refiled action would be barred by the applicable statute of limitations and whether the defendant is evading service. Lepone-Dempsey, 476 F.3d at 1282.

Here, the Court authorized the service of process on June 17, 2013, and the 120-day period for service expired on October 15, 2013.  The Court finds that Plaintiff fails to show good cause that warrants an extension past October 15, 2013.  Allowing service of process through October 15, 2013, gave sufficient time to allow officers of the court to prepare and mail the service waiver packages on July 8, defendants thirty-

7

five days to return the waivers by August 12, and an additional two months for personal service of process. Plaintiff's unsuccessful information requests that dated back to 2010 and his incarceration are insufficient to show good cause for extending the time for service past October 15, 2013, when Plaintiff waited to file suit one day before the limitations period expired and did not attempt to provide any personally identifying information in the service material that he submitted to the Court. See Richardson, 598 F.3d at 738 (stating that fictitious-party pleading is not allowed and that there is a limited exception only when the plaintiff provides a very specific description of the defendant). Plaintiff's problem is largely because he

> drafted and filed [his action] close to the expiration of the statute of limitations and thereby waited too long before setting about to find crucial information he needed to make his claim against the [officials he wished to sue]. [Plaintiff] bears the consequences of his own delay. Had he filed earlier, he could have [sought to learn] the [officials] identities in time to amend his complaint before the statute of limitations ran.

Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). Plaintiff's current discovery attempts, addressed to Corizon (provider of medical services at Fulton County Jail) and the Fulton County Jail Medical Group, (Docs. 33, 37), will not likely lead to the discovery of the identities of officials who are not associated with Fulton County Jail

– the Georgia Tech Police Officer, the Georgia Tech Police Supervisor, and the Georgia State Patrol Supervisor. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (stating that discovery to identify unknown defendants should generally be allowed unless discovery would not uncover the identities).  The Court also perceives no good cause for Plaintiff's failure to return a USM form and summons for the Senior policy makers for Org/Unit 48-C.  Accordingly, the Court does not find good cause for extending the time for service past October 15, 2013.

To determine whether, in the absence of good cause, the time for service should nonetheless be extended past October 15, 2013, the Court considers matters such as whether refiling the action would be barred by the applicable statute of limitations and whether the defendant is evading service.  See Lepone-Dempsey, 476 F.3d at 1282.  There is no indication that the unserved Defendants are evading service.  However, the statute of limitations has run for events occurring in 2010, and a refiling of claims against the unnamed Defendants would be barred by the applicable statute of limitations.  See Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (stating that § 1983 claims arising out of events occurring in Georgia are subject to a two-year limitations period).

Notwithstanding concerns that the limitations period has run, the Court finds that extending the time for service is unwarranted in light of Plaintiff's delay and failure to provide identifying information on the unnamed defendants, as discussed above. Further, although not the grounds for denying a further extension of the time for service, the undersigned observes that, because the statute of limitations has expired, any additional extension of time to discover the identities of the unserved Defendants would be fruitless to the extent that an amendment to name the unidentified Defendants would not relate back under Fed. R. Civ. P. 15(c) to Plaintiff's original complaint. See Saxton v. ACF Indus., Inc., 254 F.3d 959, 962, 966 n.11 (11th Cir. 2001) (stating that if a party attempts to amend after the statute of limitations has expired, the claim is barred unless under Fed. R. Civ. P. 15(c) the amendment relates back to the original complaint); Wayne, 197 F.3d at 1103-04 (stating that statute of limitations concerns must be satisfied when replacing unidentified defendants with specifically named defendants).

An amendment to name a new defendant or identify a previously unknown defendant relates back to the date of the original complaint (1) if "within the period provided by [Fed. R. Civ. P.] 4(m) for serving the summons and complaint" the new party received notice of the claims against him and should have known about the

10

action "but for a mistake concerning the party's proper identity" or (2) if the law providing the limitations period (here Georgia law) allows relation back. Fed. R. Civ. P. 15(c)(1)(A), (C). Under federal law, lack of knowledge regarding the identity of a state official is not a "mistake" concerning a party's identity, Fed. R. Civ. P. 15(c)(1)(C)(ii), and a belated identification of a previously unidentified party cannot relate back to the original complaint under Rule 15(c) in order to avoid a statute of limitations problem. See Wayne, 197 F.3d at 1103. Georgia law requires the amending party, among other things, to show "[t]hat the new defendant had sufficient notice of the action" and "[t]hat the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him." Hunter v. Emory-Adventist, Inc., _ Ga. App. _, _, 746 S.E.2d 734, 738 (2013) (quoting Robinson v. Piggly Wiggly, 193 Ga. App. 675, 676, 388 S.E.2d 754 (1989)) (internal quotation marks omitted).

Rule 15(c)'s requirements must be satisfied within the period provided for service under Rule 4(m), which in this action would be through October 15, 2013 (as discussed earlier). Under Rule 15(c)(1)(C)(ii), Plaintiff's lack of knowledge regarding the identity of state officials is not a "mistake" concerning a party's identity, id., and a belated identification of a previously unidentified party cannot relate back to the

11

original complaint under Rule 15(c) in order to avoid a statute of limitations problem. See Wayne, 197 F.3d at 1103.

Under Rule 15(c)(1)(A) and Georgia law, there is no indication that, before October 15, 2013, the Georgia Tech Police Officer and the Georgia Tech Police Supervisor (*to the extent they are sued in their individual capacities*),[9] the Georgia State Patrol Supervisor, and the Senior policy makers for Org/Unit 48-C had sufficient notice of Plaintiff's action and should have known about his action. See Powers v. Graff, 148 F.3d 1223, 1227 (11th Cir. 1998) ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose-unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." (internal quotation marks and citation omitted)). Although Georgia Tech's receipt of the summons would be sufficient to apprise the Georgia Tech Police Officer and the Georgia Tech Police Supervisor to the extent they are sued in their official capacities, see Brown v. Ga. Dep't of Revenue, 881 F.2d 1018, 1023 (11th Cir. 1989) ("[W]e find that service on the Personnel Board as an entity was sufficient notice to the individual members sued in their official capacity."),

---

[9]Georgia Tech's receipt of a summons (without a request for waiver) to Georgia Tech University Police Department, (See Doc. 30, Br. at 2), is insufficient to give notice to individual officers in their individual capacity.

an extension of time to discover the identities of the above officers would be fruitless for the majority of Plaintiff's claims, which are damage claims.[10] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71, n.10 (1989) (holding that the State and state officials sued in their official capacities are not persons under § 1983 for purposes of claims other than for injunctive relief).

The Court finds no good cause or other reason for extending the time for service beyond October 15, 2013. Accordingly, Plaintiff's motion for an extension of time in which to identify the unserved Defendants shall be denied, and the undersigned recommends that the unserved Defendants be dismissed from this action.

## II.  Conclusion

**IT IS ORDERED** that Plaintiff's motions for an extension of time to retain discovery materials, (Doc. 32), is **DENIED** as improperly served.

**IT IS ORDERED** that Plaintiff's motions for discovery, construed as a motion seeking a discovery period, (Docs. 33, 37), is **GRANTED** and that the parties shall have a three-month discovery period, commencing on December 13, 2013, and

---

[10]It appears that Plaintiff's official capacity claims for equitable relief against the Georgia Tech Police Officer and the Georgia Tech Police Supervisor would relate back. Notwithstanding, the undersigned finds that an additional extension of the time for service past October 15, 2013, is unwarranted for reasons stated earlier.

13

expiring on March 13, 2014.  The parties are **INSTRUCTED** that motions for summary judgment must be filed within thirty days of the March 13, 2014, close of the discovery period.  LR 56.1D, NDGa.  The parties are **CAUTIONED** that **all other motions** (other than specific motions allowed by LR 7.2, NDGa.) must be filed within thirty days of the date discovery begins on December 13, 2013, "unless the filing party has obtained prior permission of the court to file later."  LR 7.1A(2), NDGa.

**IT IS ORDERED** that Plaintiff's motion in response to the motion to dismiss, (Doc. 34), is **DENIED** as moot.  (<u>See</u> Doc. 36).

**IT IS ORDERED** that Plaintiff's motion for an extension of time, (Doc. 34), and Motion/Response, (Doc. 40), are **DENIED**.

**IT IS RECOMMENDED** that Defendant C. LeCroy and the unserved Defendants – Georgia Tech Police Officer, the Georgia Tech Police Supervisor, the Georgia State Patrol Supervisor, and the Senior policy makers for Org/Unit 48-C – be **DISMISSED**.

The Parties are **INSTRUCTED** that proceedings against the Fulton County Jail Medical Group, also known as Corizon, shall continue before the Magistrate Judge while the matter is pending before the District Court on the recommendation that the above Defendants be dismissed from this action.

**IT IS SO ORDERED and RECOMMENDED**, this 13th day of December, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE