## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT EARL LEE, | : | PRISONER CIVIL RIGHTS |
| a.k.a. Richard F. Spinks, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| C. LECROY, Ga. State Patrol | : | CIVIL ACTION NO. |
| Officer, ID #744, et al., | : | 1:12-CV-3041-TWT-JFK |
|     Defendants. | : | |

### UNITED STATES MAGISTRATE JUDGE'S
### NON-FINAL REPORT AND RECOMMENDATION

The matter is before the Court on the State Defendants'[1] motion for entry of judgment under Fed. R. Civ. P. 54(b).  (Doc. 46).

In June 2013, the Court allowed this action to proceed (1) on excessive-force and unreasonable-search claims against Officer C. LeCroy, an unidentified Georgia Tech University Police Officer, an unidentified Georgia Tech University Police Supervisor, an unidentified Georgia State Patrol Supervisor, and unidentified Senior Policy Makers for Org/Unit 48-C, and (2) on medical care claims against Officer LeCroy and the Fulton County Jail Medical Group.  (Doc. 18 at 1-2).  On January 21,

---

[1]The State Defendants are the Georgia Tech Police Officer, the Georgia Tech Police Supervisor, and the Georgia State Patrol Supervisor.  (Doc. 46 at 2. n.1).

2014, the Court dismissed Officer LeCroy (who passed away before service of process), the unidentified Georgia Tech University Police Officer, the unidentified Georgia Tech University Police Supervisor, the unidentified Georgia State Patrol Supervisor, and the unidentified Senior Policy Makers for Org/Unit 48-C. (Docs. 42, 45). The only remaining claims are the medical-care claims against Defendant Fulton County Jail Medical Group, also known as Corizon, and discovery currently is proceeding between the remaining parties. (See Doc. 42 at 13-14). The State Defendants ask that the Court enter final judgment in their favor as all claims against them have been entirely disposed of and resolved. (Doc. 46 at 3). Plaintiff has not responded or indicated any opposition.

When an action involves "multiple parties . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "[D]istrict courts should 'exercise the limited discretion afforded by Rule 54(b) conservatively[.]'" Edwards v. Prime, Inc., 602 F.3d 1276, 1289 (11th Cir. 2010) (quoting Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997)). The district court must determine whether the order at issue is a final judgment and whether "there is no 'just reason for delay[.]'" Lloyd Noland Found., Inc. v. Tenet

2

Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)) (internal quotation marks omitted).

> [T]he court must consider the interests of efficient judicial administration and the equities involved in the particular case. . . . Of particular relevance . . . is the degree to which pending claims are legally and factually intertwined with the adjudicated claim that constitutes a final judgment. . . . Thus where there is significant factual overlap between the adjudicated and unadjudicated claims, courts should be reluctant to use Rule 54(b).

Boone v. Corestaff Support Servs., Inc., 805 F. Supp. 2d 1362, 1379 (N.D. Ga. 2011) (Richard W. Story, J.) (citations omitted); see also Fed. Deposit Ins. Corp. v. Broder, Nos. 1:12-CV-2554-TWT, 1:12-CV-2569-TWT, 2014 WL 353577, at *5 (N.D. Ga. Jan. 31, 2014) (Thomas W. Thrash, Jr., J.) (same).

The undersigned recommends that the State Defendants are entitled to entry of judgment under Rule 54(b). The decision dismissing the unserved Defendants (the State Defendants) is a final judgment because it entirely disposed of separable claims [2] – Plaintiff's claims pertaining to the alleged use of excessive force and an unreasonable search when he was arrested and deceased Officer LeCroy's failure to provide medical

---

[2] See Hilmon Co. (V.I.), Inc. v. Hyatt Int'l, 138 F.R.D. 66, 68 (D. V.I. 1991) (reviewing case history and stating that the Third Circuit Court of Appeals had affirmed decision, certified under Rule 54(b), that dismissed a party for lack of proper service).

3

care at the time of his arrest.  (<u>See</u> Doc. 15 at 5-6, 8-9; Docs. 42, 45).  There are no discernible factual or legal overlaps between the claims that have been dismissed and the remaining claims that pertain to the medical care that Plaintiff received from medical personnel at the Fulton County Jail subsequent to his arrest.  The undersigned notes that the fact that the claims against the State Defendants have been dismissed based on lack of service and the clear demarcation between the dismissed and pending claims lessen the concern that the appellate court will have to twice familiarize itself with the same set of facts.  Further, a separate judgment will relieve the State Defendants from waiting an indefinite amount of time, while the action proceeds on claims unrelated to the claims brought against them, before they can deem the action against them to be final.  The undersigned recommends that there is no just reason to delay entering final judgment in favor of the State Defendants.  Although the State Defendants did not mention the unidentified Senior Policy Makers for Org/Unit 48-C, they also have been dismissed for lack of service, and it is recommended that judgment be entered in their favor also.

4

Accordingly,

**IT IS RECOMMENDED** that the State Defendants' – the Georgia Tech Police Officer's, the Georgia Tech Police Supervisor's, and the Georgia State Patrol Supervisor's – motion for entry of judgment under Fed. R. Civ. P. 54(b), (Doc. 46), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that judgment be entered under Fed. R. Civ. P. 54(b) as to the unidentified Senior Policy Makers for Org/Unit 48-C.

**IT IS SO RECOMMENDED**, this 5th day of March, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5