# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT EARL LEE, | : | PRISONER CIVIL RIGHTS |
| a.k.a. Richard F. Spinks, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| FULTON COUNTY JAIL | : | CIVIL ACTION NO. |
| MEDICAL GROUP (Names | : | 1:12-CV-3041-TWT-JFK |
| Unknown), | : | |
| CORIZON, INC. | : | |
|     Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Defendants' motion for summary judgment

and alternative motion to dismiss [52],[1] Plaintiff's response [59], and Defendants'

reply [66]; Plaintiff's statement of material facts [58] and Defendants' response [65];

Plaintiff's cross-motion for summary judgment [62], Defendants' response [67], and

Plaintiff's reply [73].

---

[1]Corizon waived service and stated that it was the medical contractor at the
Fulton County Jail and, as such, was the Fulton County Jail Medical Group. (Notice,
Attach., ECF No. 29). Accordingly, the Court refers to Corizon's motions as being
filed by Defendants.

# I. **Background**

This action involves an alleged one-month denial and delay of medical care for injuries that Plaintiff received on August 31, 2010. (Mot. at 4-7, ECF No. 13). In a previous Report and Recommendation (R&R) the Court summarized Plaintiff's allegations as follows.

> When the paramedics arrived on the scene, Plaintiff was "unresponsive and bleeding from his face, head, shoulder, and leg[,]" and Plaintiff was "barely conscious during intake" at the jail.[] . . . The "Defendants had personal knowledge of [Plaintiff's] head trauma and other injuries." . . . Plaintiff requested medical care from the patrol officers, the paramedics who arrived at the scene, a jail intake official, and nurses and a doctor (apparently at the Fulton County Jail), but those persons denied Plaintiff medical treatment at the scene of the injury and/or at the Fulton County Jail, and Plaintiff was instead taken to isolation upon his arrival at the jail. . . . Plaintiff remained in an isolation cell for approximately one week, where he experienced confusion, memory problems, blurred vision, severe headaches, occasional loss of consciousness, vomiting, and bleeding from facial lacerations.

(Supplemental R&R at 5-6, ECF No. 15 (citations omitted)). Plaintiff alleged that "he was not medically attended until approximately one month of custody" and then received only ibuprofen. (First Am. Medical Care Claim at 5, ECF No. 12; Mot. at 8, ECF No. 13). The Court found (1) that Plaintiff had alleged sufficient facts to show a serious injury that was objectively observable by the treating nurses and doctor on the medical staff at the jail on or around the time of his intake and (2) that his

allegation that he was denied medical care was sufficient to state a claim of deliberate indifference.[2] (Supplemental R&R at 9, ECF No. 15). Accordingly, Plaintiff was allowed to proceed against the Fulton County Jail Medical Group for their alleged denial of medical care during approximately the first month after his injury.

As to ongoing treatment in the months that followed, Plaintiff alleged that prison officials failed to comply with the jail physician's orders that he be taken to a specialist (barring his access to an MRI) and that a jail psychiatrist diagnosed him with post traumatic stress disorder, which was never treated by unidentified jail medical staff. (Mot. at 8-10, ECF No. 13; First Am. Medical Care Claim at 5-6, ECF No. 12). The Court did not find that Plaintiff's allegations, in regard to matters that occurred after the first month, stated a claim, and those claims did not proceed.[3] (Supplemental R&R at 9, ECF No. 15). Although both parties refer to matters that

---

[2]Plaintiff's factual allegations against the jail doctor and/or nurses focused on their denial of medical care at intake and their ibuprofen prescription at his allegedly first medical appointment after he had been in jail for a month. (See Mot. at 7-10, ECF No. 13; First Am. Medical Care Claim at 5-6, ECF No. 12).

[3]Plaintiff has not moved to amend his claims, and his arguments submitted in his pleadings related to the pending motions for summary judgment are not construed as an attempt to amend. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

3

occurred after the first month, those matters are not before the Court.[4]  The claim

before the Court is limited to Plaintiff's deliberate indifference claim based on

Defendants' alleged *denial* of care within the first month that Plaintiff was housed at

the Fulton County Jail.

## II.    The Motions for Summary Judgment

### A.    Defendant's Motion for Summary Judgment

Defendants have submitted 134 pages of Plaintiff's medical records, which the

Medical Record Administrator has certified as being accurate and as being maintained

under her care and control in the usual and ordinary course of business at the Fulton

County Jail.  (Medical R. at 5, ECF No. 51).[5]  Those records for the dates August 31

through September 30, 2010, show the following.

1.  On August 31, 2010, the day of the incident, Plaintiff was seen by a nurse in
medical intake, and the intake form shows that he had an abrasion on the right side of
his face where he was slammed to the ground, that he complained of head pain, that
he had a history of heroine abuse, and that Plaintiff was experiencing abdominal pain
due to withdrawal.  (Id. at 8-9).  On that same day, Plaintiff was seen in urgent care
by a medical doctor and was prescribed various medications, including Zantac,

---

[4]The Court also does not address Defendants' argument on state law claims, as
the Court did not allow any state law claims to proceed.

[5]The medical record has no pagination, and the Court refers to the ECF's
system's electronic pagination.

4

Phenergan, MVI (intravenous vitamin concentrate), and Maalox. (Id. at 42, 59, 60, 92, 94).

2. On September 9, 2010, Plaintiff was again seen by medical, complained of a mild headache, and received medication, Naprosyn. (Id. at 10, 58).

3. On September 21, 2010, Plaintiff was seen by the jail health services in regard to mental health issues and was seen by the medical department in regard to hemorrhoids. (Id. at 39-41).

4. On September 27, 2010, Plaintiff was seen for irreversible pulpitis (inflammation in dental pulp) and received medication, Percogesic. (Id. at 7).

5. On September 28, 2010, Plaintiff was seen by medical, complained of a head ache and neck and back pain, and was prescribed Tylenol. (Id. at 38, 92).

Defendants state that they are not liable for any claims before July 1, 2011, because that is the date that Corizon became the medical provider at the Fulton County Jail. (Br. at 3, ECF No. 52-1). Defendants further state that it is undisputed that Dr. Sharne S. Hampton has reviewed Plaintiff's medical records and is of the opinion that "Plaintiff received proper medical treatment for the injury which is the subject of the instant case."[6] (Statement of Undisputed Facts ¶ 5, ECF No. 52-2). Defendants move for summary judgment in their favor. (Br. at 10-11, ECF No. 52-1).

---

[6]Corizon does not separately address Plaintiff's allegation that he did not receive medical care during his first month in the Fulton County Jail. However, its general argument is construed to include an argument on the month at issue.

5

Plaintiff has responded and, although he did not properly serve Defendants with his response,[7] the Court observes that Plaintiff contests the admissibility of Dr. Hampton's statements on the grounds that there is no evidentiary support that she is a properly licensed doctor. (Resp. at 4, 8, ECF No. 59). Plaintiff admits that he was seen by medical on August 31 and September 27, 2010; does not mention the September 9 and 21 appointments; and appears to assert that the personnel who examined him were not licensed and that the related medical records are inadmissible. (Id. at 5-6). Defendants reply that Dr. Hampton's affidavit makes it clear that she is properly licensed in Georgia. (Reply at 3, ECF No. 66).

## B.   Plaintiff's Motion for Summary Judgment

In his cross motion for summary judgment, Plaintiff repeats his previous allegations, states that he arrived at the Jail at three in the morning, admits that he was taken to medical at eight in the morning, and complains regarding the medical care that he received after one month and throughout his incarceration at the Fulton County

---

[7]Plaintiff also filed a statement of material facts in conjunction with his response to Defendants, which he mailed to the Court but did not properly serve on Defendants. (See Pl.'s Statement at 6, ECF No. 58). That statement is not further addressed. (See Order at 3, ECF No. 19 (directing Plaintiff to serve Defendants with a copy of every additional pleading and informing Plaintiff that the Court would disregard papers which did not include the required certificate of service)).

AO 72A
(Rev.8/82)

Jail from August 31, 2010, through July 2012. (Br. at 2-4, 8, ECF No. 62-1; Aff. ¶¶ 4, 5, ECF No. 62-2). Plaintiff asserts that the law requires diagnostic tests that are known to be necessary. (Br. at 8, ECF No. 62-1 (citing <u>H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080, 1086 (11th Cir. 1986))).[8]

Defendants respond that Plaintiff's motion should be denied because his allegations "merely amount to a difference in medical treatment desired and do not rise to either a constitutional level or to medical malpractice." (Resp. at 3, ECF No. 67). Plaintiff's reply does not add anything significant to his prior pleadings. (Reply, ECF No. 73).

## C.   <u>Law and Recommendation</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

---

[8]The court in <u>Hewett</u> held that "a three day refusal to provide medical attention was a 'reckless disregard'" of juvenile's medical needs and stated that "failure to provide diagnostic care and medical treatment known to be necessary was deliberate indifference." <u>Id.</u>, 786 F.2d at 1086 (no citation provided for "reckless disregard").

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. See Konikov v. Orange Cnty., Fla., 410 F.3d 1317, 1321 (11th Cir. 2005). "Even in an unopposed motion, the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party has met its burden, the nonmoving party "must raise 'significant probative evidence' that is 'sufficient' for the jury 'to return a verdict for that party.'" Moses v. Am. Nonwovens, Inc., 97 F.3d 446, 447 (11th Cir.

1996) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)) (internal quotation marks omitted).

The opposing party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). As a general rule, medical records and records kept in the regular course of business are admissible when properly authenticated. Fed. R. Evid. 803(4), (6), 901(a). <u>Caplinger v. CCA</u>, 999 F. Supp. 2d 1203, _, 2014 WL 556451, at *2 (D. Idaho Feb. 11, 2014) ("[T]he medical records would clearly meet the business records exception to the rule against hearsay, and . . . the custodian of those records[] is competent to testify as to their content.").

To state a claim of unconstitutional medical treatment, a plaintiff must show an objectively serious medical need and deliberate indifference to that need. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004). Deliberate indifference is established by a showing that officials, with more than negligence, disregarded a risk of serious harm. <u>Bell v. Sec'y of Fla. Dep't of Corr.</u>, 491 F. App'x 57, 59 (11th Cir. 2012)

AO 72A
(Rev.8/82)

(citing <u>Brown</u>, 387 F.3d at 1351). "Matters of medical judgment do not rise to the level of deliberate indifference. . . . Generally, a plaintiff does not establish deliberate indifference merely because, although he received medical attention, he desired different modes of treatment than what he received." <u>Id.</u> As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a Constitutional violation. <u>See Harris v. Thigpen</u>, 941 F.2d 1495, 1504 (11th Cir. 1991). Questions such as "whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976).

The Court accepts Plaintiff's medical record as evidence that would be admissible at trial. <u>See Birdwell v. Gomez</u>, 97 F.3d 1458, No. 95-16849, 1996 WL 554460, at *1 (9th Cir. Sept. 26, 1996) ("Because the medical records . . . would be admissible in light of [the] declaration which certifies and affirms that the copies of the medical records are true and correct copies and because the records are public records or reports the district court did not err [in considering them in granting summary judgment]."); <u>Hughes v. Joliet Corr. Ctr.</u>, 931 F.2d 425, 428 (7th Cir.1991)

10

("The medical records are admissible in evidence and therefore appropriately considered in a summary judgment proceeding.").

Defendants are entitled to summary judgment both because Corizon was not responsible for Plaintiff's care for the dates at issue and also because for those dates Plaintiff fails to show a denial of medical care by Corizon, a.k.a. the Fulton County Jail Medical Group. The Court allowed this action to proceed based on Plaintiff's allegations that he was denied medical care during his first month in the Fulton County Jail. Plaintiff's allegations are untrue, as shown by his medical record. Plaintiff was seen by medical personnel at least five times during the first month and was prescribed several different medications. A desire for "different modes of treatment than what he received" during the month at issue does not state a Constitutional claim. See Bell, 491 F. App'x at 59.

Further, Plaintiff has come forward with no verifying medical evidence that establishes a detrimental effect from the alleged lack of proper treatment during his first month in the Fulton County Jail. See Duncan v. Corr. Med. Servs., 451 F. App'x 901, 903-04 (11th Cir. 2012) ("An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."

(quoting <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1188 (11th Cir. 1994)) (internal quotation marks omitted)). In fact, Plaintiff's medical record shows that when he continued to complain of headaches, he received a radiological consultation and x-ray in August 2011 and that the result was reported as normal. (Medical R. at 61, ECF No. 51). The undersigned concludes that Defendants are entitled to summary judgment and that Plaintiff is not.

## III.  <u>Conclusion</u>

**IT IS RECOMMENDED** that Defendants' motion for summary judgment [52] be **GRANTED**, that Defendants' alternative motion to dismiss [52] be **DENIED** as moot, that Plaintiff's cross-motion for summary judgment [62] be **DENIED**, and that this action be dismissed.

The Clerk of Court is **DIRECTED** to terminate the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 23rd day of September, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)